I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED 11-5-2014

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN GREIN,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL,<br><br>    Respondent. | Case No. EDCV 14-02108 CJC (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## 1. BACKGROUND

Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by John Grein ("Petitioner"), a state prisoner proceeding *pro se*. The Petition raises one claim alleging Petitioner's sentence, imposed in 1990, is "unauthorized by law" and violates due process. Petitioner was ostensibly convicted of murder following a jury trial in the California Superior Court for San Bernardino County, and sentenced to an indeterminate term of 25 years to life in state prison (case no. VCR4191).

///

///

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## 2. DISCUSSION

### 2.1. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### 2.2 Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a habeas petition. *See Lindh v. Murphy*, 521 U.S. 320, 322, 117 S. Ct. 2059 (1997) (AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (the one-year grace period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

///
///
///

1    Petitioner alleges he was convicted and sentenced in 1990, and neither the face
2 of the Petition nor Petitioner's state court records indicate any direct appeal having
3 been filed.[1] Consequently, absent evidence to the contrary, the Court finds Petitioner's
4 conviction became final for purposes of AEDPA's statute of limitations several years
5 before AEDPA's enactment. *See* CAL. CT. R. 8.308(a) (formerly Rule 30.1) (for
6 criminal convictions in California, a notice of appeal must be filed within sixty days
7 after the rendition of the judgment); *see also Roberts v. Marshall*, 627 F.3d 768, 771
8 (9th Cir. 2010) (where the petitioner did not appeal his conviction to the California
9 Court of Appeal, the conviction became final after the expiration of the sixty-day
10 period for filing a notice of appeal). Further, the one-year grace period for Petitioner
11 to challenge his sentence in a federal habeas petition, which ended on April 24, 1997,
12 has long since expired. *Patterson*, 251 F.3d at 1246. Petitioner did not constructively
13 file his pending Petition until October 6, 2014 -- 6,374 days and well over seventeen
14 years after the expiration of the limitations period.[2]
15 ///
16 ///
17
---

[1]    The Court takes judicial notice of Internet records relating to this action in the superior court (available at http://openaccess.sb-court.org), and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of this timeliness analysis, and absent any evidence to the contrary, the Court assumes Petitioner constructively filed the Petition by delivering it to the prison mail system on October 6, 2014, which is the date handwritten by a prison official on the back of the envelope containing the Petition.

Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. §§ 2244(d)(1)(B)-(D), the pending Petition is considerably time-barred.

## 2.3 Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Petition, attached exhibits, and Petitioner's state court records indicate he has filed four state habeas petitions challenging his conviction or sentence in case no. VCR4191, two in the superior court (case nos. WHCSS1300086, WHCSS1400019), one in the California Court of Appeal (case no. E061205), and one in the California Supreme Court (case no. S219549), all of which were denied. However, the first of those petitions, case no. WHCSS1300086, was not filed until February 20, 2013, 5,781 days (nearly sixteen years) after the limitations period expired. Petitioner is, therefore, not entitled to any statutory tolling. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

///

///

## 2.4 Alternative Start of the Statute of Limitations

### 2.1.1 State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 2.1.2 Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 2.1.3 Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

## 2.5 Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to 9th Cir. R. 36-3).

The Petition does not set forth any facts for equitable tolling.

### 2.6 Petitioner's Allegation That His Claim Can Never Be Time Barred

Petitioner argues in the body of the Petition that "illegal sentences are never time barred." (Pet. at 3, 8.) However, his related citations either do not support his proposition or apply only to the state courts; the Court finds AEDPA expressly and clearly rebuts his assertion as to his pending federal habeas Petition. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

///

# ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **December 5, 2014**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request for Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.

IT IS SO ORDERED.

DATED: November 5, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE