FILED
CLERK, U.S. DISTRICT COURT

December 17, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: ___7. Gomez___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN GREIN,<br><br>    Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL,<br><br>    Respondent. | Case No. EDCV 14-02108 AN<br><br>**ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

    Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by John Grein ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner has consented to the Magistrate Judge's jurisdiction [2], and is currently the only party to this action. For the reasons discussed below, this action is dismissed with prejudice because the Court finds the Petition is time-barred. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118-21 (9th Cir. 2012) (magistrate judge properly dismissed action where prisoner consented and was the only party to the action).

///

///

///

## 1. BACKGROUND

The Petition raises one claim alleging Petitioner's sentence of twenty-five years to life, imposed in the California Superior Court for San Bernardino County on July 20 1990, pursuant to his conviction of first degree murder (case no. VCR4191), is "unauthorized by law" and violates due process.

Pursuant to the Court's duty to screen habeas petitions, the Magistrate Judge found it plainly appeared from the face of the Petition that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d)(1). Accordingly, on November 5, 2014, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). (11/5/14 Order to Show Cause re Dismissal of Petition for Writ of Habeas Corpus by a Person in State Custody as Time-barred ("OSC") [4].) The OSC explained the various bases for tolling and directed Petitioner to show cause why the action should not be dismissed as time-barred by filing a written response by December 5, 2014. (OSC at 4-7.) Petitioner has filed his Response [5] (erroneously titled "Return"), and the matter now stands submitted.

## 2. DISCUSSION

### 2.1 Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**2.2  Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a habeas petition. *See Lindh v. Murphy*, 521 U.S. 320, 322, 117 S. Ct. 2059 (1997) (AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (the one-year grace period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

Petitioner was sentenced, and his judgment was pronounced, on July 20, 1990 (Resp., Ex. A), and neither the face of the Petition, Petitioner's state court records, nor Petitioner's Response indicate any direct appeal was filed.[1] Consequently, the Court finds Petitioner's conviction became final for purposes of AEDPA's statute of limitations on September 18, 1990, several years before AEDPA's enactment. *See* CAL. CT. R. 8.308(a) (formerly Rule 30.1) (for criminal convictions in California, a notice of appeal must be filed within sixty days after the rendition of the judgment); *see also Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010) (where the petitioner did not appeal his conviction to the California Court of Appeal, the conviction became final after the expiration of the sixty-day period for filing a notice of appeal). Further, the one-year grace period for Petitioner to challenge his sentence in a federal habeas

---

[1] The Court takes judicial notice of Internet records relating to this action in the superior court (available at http://openaccess.sb-court.org), and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

1 petition, which ended on April 24, 1997, has long since expired. *Patterson*, 251 F.3d
2 at 1246. Petitioner did not constructively file his pending Petition until October 6, 2014
3 -- 6,374 days and well over seventeen years after the expiration of the limitations
4 period.[2/]

5 Accordingly, absent some basis for tolling or an alternative start date to the
6 limitations period under 28 U.S.C. §§ 2244(d)(1)(B)-(D), the pending Petition is
7 considerably time-barred.

**2.3    Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

---

[2/] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of this timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on October 6, 2014, which is the date handwritten by a prison official on the back of the envelope containing the Petition.

The Petition, attached exhibits, Petitioner's Response to the OSC, and Petitioner's state court records indicate he has filed four state habeas petitions challenging his conviction or sentence in case no. VCR4191, two in the superior court (case nos. WHCSS1300086, WHCSS1400019), one in the California Court of Appeal (case no. E061205), and one in the California Supreme Court (case no. S219549), all of which were denied. However, the first of those petitions, case no. WHCSS1300086, was not filed until February 20, 2013, 5,781 days (nearly sixteen years) after the limitations period expired. Petitioner is, therefore, not entitled to any statutory tolling. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

In the Response, Petitioner makes the unsupported argument that the statute of limitations to file a federal petition should not have commenced until he began filing his state habeas petitions. (Resp. at 5-7, 10-11.) However, AEDPA clearly provides otherwise. *See* 28 U.S.C. § 2244(d)(1). Petitioner's argument is rejected. He is not entitled to any statutory tolling because all of his state habeas petitions were denied long after AEDPA's limitations period - which is the *only relevant limitations period* concerning or governing the pending Petition - had expired.

**2.4    Alternative Start of the Statute of Limitations**

    **2.4.1  State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

In the Response, Petitioner argues the state is responsible for the delay in his filing. He makes several similar contentions in this regard, which are addressed and rejected below.

///

### 2.4.1.1 Relevant Facts

Petitioner has attached to his Response a copy of the trial court's July 20, 1990 minute order pronouncing Petitioner's judgment and sentence. That minute order reflects that the sentence imposed in this case was "25 years to Life." (Resp, Ex. A.)

### 2.4.1.2 Analysis

First, Petitioner contends the trial court was not legally permitted to impose an indeterminate term, and that the failure of the sentencing court to specify a number of years entitled him to presume that his maximum sentence was only twenty-five years. Under the circumstances, he ostensibly would only have known to begin challenging his allegedly-illegal sentence after the twenty-five years had expired. (Resp. at 1, 3-4, 7-8.) (Resp. at 7-8.) This contention is rejected as frivolous. Petitioner was obviously aware of the length of his sentence when it was imposed more than twenty-four years ago, and he has failed to show, for purposes of AEDPA's limitations period, that he was entitled to presume his sentence was anything other than the term which was actually imposed.

Second, Petitioner claims that because his sentence was ostensibly legally void, it was, in essence, "never imposed," so he is still timely in challenging it. (Resp. at 2-5, 10.) Petitioner is again unable to support such a novel proposition. The fact is, on July 20, 1990, the trial court sentenced him to a term of twenty-five years to life (Resp., Ex. A), and that is the date his sentence was imposed for purposes of determining whether the pending Petition is time-barred under AEDPA.

Third, the Court similarly rejects Petitioner's contention that his challenge to his sentence would have been "premature" if he had filed it before having served twenty-five years (i.e., before he ostensibly began actually serving the "illegal" portion of his sentence). (Resp. at 3, 9.) Again, as Petitioner's own exhibit shows, that sentence was imposed on July 20, 1990, and AEDPA's *only* related jurisdictional prerequisite was that Petitioner was in custody pursuant to that state court judgment. *See* 28 U.S.C. § 2254(a). As the July 20, 1990 minute order reflects, Petitioner was remanded to state

custody immediately after his sentence was imposed (Resp., Ex. A), so he not only met the jurisdictional requirement, but obviously could have challenged his sentence decades ago.

Petitioner is not entitled to an alternate start date of the limitations period based upon a state-created impediment to filing under § 2244(d)(1)(B).

### 2.4.2 Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

In the Response, Petitioner alleges he is entitled to an alternate start date of the limitations period under this provision (Resp. at 8-9), but he fails to identify any newly-recognized constitutional right. He merely asks the Court to "recognize" the constitutional right of state sovereignty, which is neither new nor relevant in any way to the federal limitations period governing his federal habeas petition. Petitioner is not entitled to an alternate start date of the limitations period based upon a newly-recognized constitutional right under § 2244(d)(1)(C).

### 2.4.3 Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

In his Response, Petitioner argues he is entitled to an alternate start date of the limitations period based upon the late discovery of the factual predicate for the same reasons discussed above, namely, he was entitled to presume his maximum sentence was twenty-five years, and would not have discovered a reason to challenge that sentence until he had served that time. (Resp. at 9.) Petitioner's contention fails for the same reasons stated above; he was clearly on notice that his sentence was "25 years to

1  Life" as early as 1990. His personal opinion that the "to Life" portion of that sentence
2  was illegal did not render him unaware of the factual basis for his current claim. *See*
3  *Ford*, 683 F.3d at 1235 (the statute of limitations begins to run under § 2244(d)(1)(D)
4  when the factual predicate of a claim could have been discovered through the exercise
5  of due diligence, and the "due diligence" clock starts ticking when a person knows or
6  through diligence could discover the vital facts, regardless of the legal significance of
7  those facts).

8  Petitioner is not entitled to an alternate start of the AEDPA limitations period
9  based upon the late discovery of the factual predicate under § 2244(d)(1)(D).

**2.5  Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts*, 627 F.3d at 773; *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court

1  - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim,
2  the district court does not necessarily abuse its discretion if it denies the petitioner a
3  hearing.") (cited pursuant to 9th Cir. R. 36-3).
4       Petitioner does not set forth any facts for equitable tolling, but instead contends
5  that he "does not need any equitable tolling." (Resp. at 9.) The Court finds he is not
6  entitled to equitable tolling.

7  **2.6    Petitioner's Allegation That His Claim Can Never Be Time Barred**

8       Petitioner argues in the body of the Petition, and again in his Response to the
9  OSC, that "illegal sentences are never time barred." (Pet. at 3, 8; Resp. at 3, 7, 10-11.)
10 However, despite his claim to the contrary, his related citations either do not support his
11 proposition or apply only to the state courts; the Court finds AEDPA expressly and
12 clearly rebuts his assertion as to his pending federal habeas Petition. 28 U.S.C. §
13 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of
14 habeas corpus by a person in custody pursuant to the judgment of a State court.").

15 **O R D E R**

16      Based upon the foregoing, the Court finds that this action is time-barred. Further,
17 by way of the OSC, the Court finds Petitioner has received notice and an adequate
18 opportunity to show cause why this action should not be dismissed as time-barred, but
19 has failed to do so. ACCORDINGLY, IT IS HEREBY ORDERED THAT the Petition
20 is dismissed with prejudice. The clerk is directed to enter judgment dismissing this
21 action with prejudice and notify Petitioner of said judgment. Any and all pending
22 motions are terminated.

24 Dated: December 17, 2014

                                             ARTHUR NAKAZATO
                               UNITED STATES MAGISTRATE JUDGE